UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN Q. GALE and | : | |
| JOHN Q. GALE, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 3:06-CV-1619 (RNC) |
| | : | |
| CHICAGO TITLE INSURANCE CO., | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## RULING AND ORDER

Plaintiffs John Gale ("Gale") and John Q. Gale, LLC ("Gale Law Firm") filed this suit in federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), on behalf of themselves and others, for damages and equitable relief against title insurance companies doing business in Connecticut alleging violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b(a), and the Connecticut Unfair Sales Practices Act ("CUSPA"), Conn. Gen. Stat. § 24-111. Plaintiffs have filed a fourth amended complaint ("4AC"), which deletes the class allegations in the original complaint. Defendants have moved to dismiss arguing principally that CAFA jurisdiction no longer exists as a result of the amendment and there is no other basis for subject matter jurisdiction. Plaintiffs respond that because CAFA jurisdiction attached with the filing of the original complaint, the 4AC does not divest the

1

Court of jurisdiction. After considering the parties' submissions, I conclude that the claims in the 4AC should be dismissed without prejudice to refiling in state court.

I. Background

Familiarity with the history of this long-pending litigation is presumed. In relevant part, the procedural history is as follows. On March 23, 2011, plaintiffs' motion for class certification was granted, allowing class treatment pursuant to Federal Rule of Civil Procedure 23(b)(2). Order 15 (ECF No. 240). On August 23, 2011, defendants moved to decertify the class, arguing that the monetary relief plaintiffs sought was foreclosed by the Supreme Court's ruling in Wal Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011). Mot. ¶¶ 3-4 (ECF No. 255). On March 22, 2012, defendants' motion to decertify the class was granted without prejudice to the filing of a new motion for class certification. Minute Entry (ECF No. 308).

In March 2016, plaintiffs reported that in an effort to try to move the case along they had decided to proceed solely on their individual claims for declaratory and injunctive relief. A conference was held to discuss the best way to proceed. Minute Entry (ECF No. 340). At the conference, defendants stated that "the first order of business" should be "for the plaintiffs to move to amend" their complaint. Tr. 9-10 (ECF No. 346). Pursuant to the discussion at the conference, plaintiffs filed

2

the 4AC dropping the class allegations. The 4AC alleges that jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because this was a class action involving diverse parties and more than $5,000,000 in controversy when the action was brought. 28 U.S.C. § 1332(d)(2)(A); Fourth Am. Compl. ¶ 13 (ECF No. 342).[1] Defendants responded to the 4AC by filing the present motion to dismiss for lack of subject matter jurisdiction.

II. Discussion

All Circuits that have considered the question agree that failure of class certification under CAFA does not prevent a district court from retaining jurisdiction over individual claims. See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017); Louisiana v. Am. Nat'l Prop. & Cas. Co., 746 F.3d 633, 635 (5th Cir. 2014); Metz v. Unizan Bank, 649 F.3d 492, 500-01 (6th Cir. 2011); Buetow v. A.L.S. Enters., Inc., 650 F.3d 1178, 1182 n.2 (8th Cir. 2011); United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co., 602 F.3d 1087, 1091-92 (9th Cir. 2010); Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806-07 (7th Cir. 2010); Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). In none of those cases, however, were the class

---

[1] Plaintiffs concede they cannot satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy is less than $75,000. Pls.' Mem. in Opp'n (ECF No. 354) at 14 n.13.

3

allegations dropped from an amended complaint.  Ordinarily, when a plaintiff voluntarily amends a complaint filed in federal court, the court must look to the amended complaint to determine subject matter jurisdiction.  Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007).  Defendants contend that this rule requires dismissal of the 4AC.

Plaintiffs contend that Rockwell applies only to federal question jurisdiction and thus does not apply to a case under CAFA, which is anchored in diversity jurisdiction.  Pl.'s Mem. Opp'n 11-12 (ECF No. 354).  Defendants' reply brief cites diversity cases in which Rockwell has been applied.  Defs.' Reply Mem. 2-3 (ECF No. 358).  In any event, it is not clear that this case should be treated like a diversity case that satisfied the requirements of 28 U.S.C. § 1332(a) at the time it was filed.

Congress enacted CAFA to deal with the specific problem of class action litigation of "national importance" being brought in state courts due to forum shopping.  Mississippi ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 739 (2014).  When a case originally brought in federal court pursuant to CAFA can no longer be considered a class action, CAFA's purposes do not justify maintaining federal jurisdiction.  Nor is continued CAFA jurisdiction in such a case justified by concerns about forum shopping, the reason often given for continuing jurisdiction in removed cases.  See In Touch Concepts, Inc. v. Cellco P'ship, 788

F.3d 98, 101 (2d Cir. 2015); In re Burlington N. Santa Fe Ry. Co., 606 F.3d 379, 381 (7th Cir. 2010) (citing Rockwell, 549 U.S. at 473-74 & n.6; United Steel, 602 F.3d at 1091-92; and Cunningham, 592 F.3d at 807).

Whether a plaintiff who brings a CAFA case in federal court can plead away jurisdiction under Rockwell by filing an amended complaint that drops the class allegations appears not to have been decided by any Court of Appeals. However, in a CAFA case that was removed to federal court, the Second Circuit quoted from Rockwell then stated in dictum that, "if this case had been filed originally in federal court, the district court would have had to dismiss it as soon as [the plaintiff] filed the First Amended Complaint, which dropped all class-action allegations and thereby destroyed the only basis for federal jurisdiction." In Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d at 101. The Court's statement strongly suggests that Rockwell applies in this instance.

During oral argument on the present motion, plaintiffs' counsel stated that the Second Circuit's statement should be interpreted as an indication of what would happen if a plaintiff filed a CAFA complaint in federal court then abandoned the class allegations without first making an effort to have the class certified. Tr. 16 (ECF No. 360-1). That reading is possible because the plaintiff in In Touch seems to have dropped the class

5

allegations before seeking class certification. See 788 F.3d at 100. It is far from clear, however, that CAFA jurisdiction continues, notwithstanding Rockwell, unless the plaintiff has engaged in what appears to be forum manipulation. It may well be that Rockwell requires dismissal for lack of jurisdiction whenever a complaint filed in federal court is voluntarily amended to delete the basis for jurisdiction, as defendants argue.

Plaintiffs contend that their amendment was not voluntary within the meaning of Rockwell. They explain that their decision to withdraw the class allegations was motivated by a desire to advance this long-delayed case to a resolution. They also explain that they subsequently filed the 4AC only because the defendants requested that they do so. Defendants respond that plaintiffs were not forced to drop their class claim but instead made a strategic decision to do so, which they communicated to the Court orally and in writing before the defendants requested that they file an amended complaint in accordance with Rule 15.

I am sympathetic to the plaintiffs' position and regret that the lengthy delays they experienced in this litigation may have contributed to their decision to forego all class claims. However, it is far from clear that their decision to drop the class allegations was not voluntary within the meaning of Rockwell. What makes an amendment voluntary or involuntary is

6

not well-defined.  After fully considering the parties'
arguments, I think it would be difficult for me to find that
plaintiffs' decision to drop the class allegations, a decision
they made independently and announced before the telephone
conference, was other than voluntary under Rockwell.

The Court of Appeals recently noted that when a district
court finds that a CAFA case cannot proceed as a class action,
jurisdiction over the individual claims continues to exist but
the court has discretion to dismiss the individual claims without
prejudice to refiling in state court.  See F5 Capital, 856 F.3d
at n.14.  This suggests that in deciding the present motion, the
Court may be guided by the factors relevant to a determination
whether to exercise supplemental jurisdiction, as at least one
court has done in dismissing a CAFA case originally brought in
federal court following dismissal of the class claims with
prejudice.  See Taragan v. Nissan N. Am., No. C 09-03660 SBA,
2011 WL 941132, at *4 (S.D. Cal.)

In this case, given the uncertainty regarding the existence
of jurisdiction, I think it makes sense to dismiss the individual
claims without prejudice.  It would be unfortunate if the parties
were to continue to invest substantial time and money in this
litigation only to have the Court of Appeals decide that
jurisdiction was lacking once plaintiffs decided to abandon any
class claims.  That is a substantial risk, in my opinion,

particularly in view of the statement in In Touch.  Dismissal of the individual claims without prejudice is also appropriate because the claims raise unsettled questions of state law that may be better resolved in state court.

III. Conclusion

Accordingly, the motion to dismiss is hereby granted.  The claims in the 4AC are dismissed without prejudice.  The Clerk may enter judgment and close the file.

So ordered this 30th day of September 2017.


　　　　　　　　　　　　　　　　　　/s/RNC
　　　　　　　　　　　　　　　　Robert N. Chatigny
　　　　　　　　　　　　　　United States District Judge